IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIERON ALEXANDER, #02137047, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:23-cv-02103-S (BT) |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kieron Alexander, a state prisoner, filed the court-approved form for a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a "Motion To Quash Indictment" in a closed habeas case filed under 28 U.S.C. § 2254. *See Alexander v. Director, TDCJ-CID*, Case Number 3:20-cv-1062-S-BT (ECF No. 20). The Court construed the filings as a habeas action under § 2241 and opened a new case on September 19, 2023. (ECF No. 3.) Upon further review, the Court now construes the new action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Pet. 5 (ECF No. 4) (claiming the State committed "pre-jury"); *id.* (claiming he is "illegally incercerted [sic] in the states institution"); *id.* at 6 (claiming the indictment was "ineffective"); *id.* at 7 (as a remedy, he seeks to have his "conviction and sentence phase" completely "DISMISSED!"); *see also Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015) (per curiam)

1

("[A] challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254.") (citing *Felker v. Turpin,* 518 U.S. 651, 662 (1996)). For the following reasons, the Court should transfer Alexander's habeas petition to the Fifth Circuit Court of Appeals as successive.

I.

In 2017, a Dallas County jury found Alexander guilty of murder and sentenced him to fifty-five years' imprisonment. The Court of Appeals for the Fifth District of Texas affirmed the trial court's judgment, *see Alexander v. State,* No. 05-17-00599-CR4, 2018 WL 5919129 (Tex. App.--Dallas, 2018, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review (PDR), *see Alexander v. State,* No. PD-1379-18 (Tex. Crim. App. 2019). Thereafter, Alexander filed a state application for a writ of habeas corpus, which the CCA denied without written order on December 11, 2019.

On April 21, 2020, Alexander filed his first § 2254 petition in this Court. *See Alexander v. Director TDCJ-CID*, Case Number 3:20-cv-1062-S-BT. The Court denied with prejudice Alexander's request for habeas relief, denied a certificate of appealability (COA), and entered judgment on October 25, 2022.

In his current petition, Alexander argues: (1) the State committed "pre-jury," Pet. 5 (ECF No. 4), in the "Due Process setting," *id.*, but he has

"newly discovered evidence," *id.*; (2) the State committed "pre-jury," *id.*, "knowing in fact that . . . [he] is illegally incercerted [sic]," *id.*; (3) the State committed "pre-jury," *id.* at 6, by using an "ineffective indictment," *id.*; and (4) the State committed "pre-jury," *id.*, by falsifying the record.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due

to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Alexander's first petition was denied with prejudice on October 25, 2022, and this was an adjudication on the merits. Alexander's new claims should have and could have been addressed in his first petition. *See In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). For example, Alexander argues that the State committed perjury by using an ineffective indictment in his case. But the indictment is not new evidence, and Alexander fails to demonstrate that this claim was not available to him at the time he filed his first petition in April 2020. *See Hardemon*, 516 F.3d at 275. Indeed, Alexander has not demonstrated that any of his claims were not available to him at that time. Moreover, although Alexander makes a conclusory reference to "newly discovered evidence," Pet. 5 (ECF No. 4), he has not shown he has evidence that, if proven, would be sufficient to show no reasonable fact finder would have found him guilty of the murder conviction he is attacking. *See* 28 U.S.C. § 2244(b)(2).

In sum, Alexander raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court

to consider Alexander's successive petition. Alexander must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Alexander's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed October 30, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)